ASH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Miguel Verdugo Sanchez,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>John E. Cantu, et al.,<br><br>　　　　　　　　Respondents. | No. CV-26-00136-PHX-DJH (JFM)<br><br>**ORDER TO SHOW CAUSE** |

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention, as well as a Motion for Temporary Restraining Order and Preliminary Injunction. (Docs. 1, 2.)

The Petition raises the issue of whether 8 U.S.C. § 1226(a), which presumes a bond hearing, or 8 U.S.C. § 1225(b)(2), which mandates detention, applies when U.S. Immigration and Customs Enforcement ("ICE") apprehends an alien who entered the United States without inspection, never formally applied for admission, and has been living in the United States for years or even decades. Another judge in this district has determined that § 1226(a) applies in this circumstance. *Echevarria v. Bondi*, CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282 (D. Ariz. 2025). Based on that determination, this Court has ordered habeas relief—taking the form of an order requiring the petitioner to be released from custody or provided with a prompt bond hearing—in many recent § 2241 actions brought by individual petitioners. Furthermore, on December 11, 2025, the Seventh Circuit concluded the Department of Homeland Security and ICE were "not likely

to succeed on the merits of their argument" regarding "mandatory detention under § 1225(b)(2)(A)." *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2025 WL 3552514, at *9 (7th Cir. Dec. 11, 2025).  And on December 18, 2025, a court in the Central District of California entered judgment in a class action likely covering petitioner declaring "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and vacating "the Department of Homeland Security policy described in the July 8, 2025, 'Interim Guidance Regarding Detention Authority for Applicants for Admission' under the Administrative Procedure Act as not in accordance with law. 5 U.S.C. § 706(2)(A)." *Bautista v. Santacruz*, CV-25-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025).  Based on prior decisions in the District of Arizona, the Seventh Circuit's opinion, and the final judgment entered in the Central District of California, Respondents must show cause why the Petition should not be granted to the extent that Petitioner be released or provided a bond hearing under 8 U.S.C. § 1226. Any response must be supported by documentary evidence including, if applicable, affidavits by individuals with personal knowledge of the factual statements made therein and signed under penalty of perjury.

**IT IS ORDERED:**

(1)   Counsel for Petitioner must immediately serve the Petition (Doc. 1) and Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) upon Respondents.

(2)   If not already issued, the Clerk's Office must issue any properly completed summonses.

(3)   The Clerk of Court must immediately transmit by email a copy of this Order, the Petition, and the Motion for Temporary Restraining Order and Preliminary Injunction (Docs. 1, 2) to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, and Theo Nickerson at Theo.Nickerson2@usdoj.gov.

(4) Respondents must show cause no later than **January 19, 2026**, why the Petition should not be granted.

(5) Petitioner may file a reply no later than **January 21, 2026**.

Dated this 12th day of January, 2026.

_____
Honorable Diane J. Humetewa
United States District Judge